J-S19006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| CHRISTOPHER M. WILLIAMS | : | |
| Appellant | : | No. 2344 EDA 2018 |

Appeal from the PCRA Order Entered July 10, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004715-2011

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                               **FILED MAY 02, 2019**

Christopher M. Williams appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  On appeal, PCRA counsel has filed an "***Anders*** Brief" and an application to withdraw.[1]  Based on our review of the record, we deny PCRA counsel's application to withdraw, vacate and remand for a hearing.

---

[1] Counsel filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), apparently under the mistaken belief that an ***Anders*** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief. A ***Turner***/***Finley*** no-merit letter, however, is the appropriate filing. ***See Commonwealth v. Turner***, 544 A.2d 927 (1988); ***Commonwealth v. Finley***, 550 A.2d 213 (1988).  However, because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in

---

\*   Retired Senior Judge assigned to the Superior Court.

We summarize the procedural history on this matter as follows. On April 5, 2011, Williams was arrested on numerous charges related to the violent robbery of a hearing-impaired man. On March 9, 2012, a jury found Williams guilty of robbery,[2] conspiracy to commit robbery,[3] and burglary.[4] On May 16, 2012, the trial court sentenced Williams to an aggregate term of ten to thirty years' incarceration. Williams filed a direct appeal to this Court, which affirmed his judgment of sentence on June 20, 2013. *See Commonwealth v. Williams*, 1526 EDA 2012 (Pa. Super. June 20, 2013) (unpublished memorandum decision). The Supreme Court of Pennsylvania denied his petition for allowance of appeal on December 3, 2013. *See Commonwealth v. Williams*, 370 EAL 2013 (Pa. 2013).

On December 8, 2014, Williams filed a *pro se* PCRA petition. The PCRA court appointed counsel, J. Matthew Wolfe, Esquire, who filed an amended PCRA petition on July 22, 2016. In the amended petition, Williams argued that trial counsel was ineffective for failing to obtain surveillance videos from the crime area that would have shown that Williams was not involved in the

---

lieu of a *Turner*/*Finley* letter. *Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

[2] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[3] 18 Pa.C.S.A. § 903.

[4] 18 Pa.C.S.A. § 3502(a).

crimes of which he was accused. Williams also requested discovery to allow him to obtain copies of the surveillance videos, either from the District Attorney or via subpoena, as well as a hearing to examine Williams and trial counsel, Public Defender Krista Quinn, on the record. PCRA counsel attached certifications to the amended petition. The certifications aver that Williams would testify at a PCRA hearing that he told his trial counsel of the videotape evidence, and that trial counsel would testify "as to her knowledge of the existence of the videotapes, her efforts to obtain them and the reasons why she did not present said evidence."

The record does not contain an order granting or denying discovery. However, in response to the PCRA court's directive, in a letter dated June 6, 2018, the Assistant District Attorney stated that she found nothing in the Commonwealth's "trial file" to suggest the Commonwealth ever possessed any surveillance videos. The Commonwealth filed a motion to dismiss on May 9, 2018. Williams did not respond to the motion. On July 6, 2018, the PCRA court dismissed the petition without first issuing a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. PCRA counsel filed a notice of appeal and a statement pursuant to Pa.R.A.P. 1925(c), stating his intent to file an *Anders* brief. The PCRA court did not issue a Rule 1925(a) opinion.

On appeal, we examine the record to determine if the PCRA court erred in denying relief without a hearing. *Commonwealth v. Burton*, 121 A.3d 1063, 1067 (Pa. Super. 2015). Counsel has requested to withdraw, therefore,

- 3 -

we must independently review the record to determine whether there exist any potentially meritorious issues. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n. 1 (Pa. 2009). Here, we find possible merit to the raised issue, because the record shows genuine issues of material fact were not addressed by counsel or the trial court. Therefore, we must remand for an evidentiary hearing.

A petitioner's right to an evidentiary hearing is not absolute. "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (quoting *Commonwealth v. Turetsky*, 925 A.2d 876, 882 (Pa. Super. 2007) (internal citations omitted)). For a PCRA court to deny relief without a hearing, there must be no genuine issue of material fact. *See* Pa.R.Crim.P. 907.

Williams' issue concerns whether trial counsel was ineffective. We presume counsel was effective, and it is Williams' burden to prove otherwise. *See Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014). To prevail on an ineffectiveness claim, Williams' must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Lesko*, 15 A.3d 345, 373-74 (Pa. 2011). Williams must prove each element; merely alleging each element is not sufficient. *See*

***Commonwealth v. Mason***, 130 A.3d 601, 618 (Pa. 2015). A reasonable basis does not require that counsel chose the most logical course of action, but that the decision had some reasonable basis. ***Commonwealth v. Bardo***, 105 A.3d 678, 684 (Pa. 2014). "To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different." ***Mason***, 130 A.3d at 618 (citing ***Strickland v. Washington***, 466 U.S. 668, 684 (1984)).

If Williams is able to show that his trial counsel was aware of surveillance video that showed he was not involved in the crime, he would have a successful ineffective assistance of counsel claim. PCRA counsel certified that Williams would testify that Williams told trial counsel of the video surveillance before the trial. Trial counsel did not offer such evidence at trial. Williams has clearly pled sufficient facts to raise a genuine issue concerning the first two elements of his claim of ineffective counsel. The last element, prejudice, is unclear from the facts. Nevertheless, PCRA counsel has failed to explain why there was no basis for PCRA relief.[5] Out of an abundance of

---

[5] PCRA counsel asserts that because the video was not in the Commonwealth's trial file there was "no longer any basis for PCRA relief." ***Anders*** Brief, at 11. However, the Commonwealth not having the video is not dispositive of effectiveness of William's trial counsel. We are unable to determine from the ***Anders*** brief and certified record how counsel came to such a conclusion. Such uncertainty is compounded by the fact that the PCRA court never issued

caution, we require an evidentiary hearing to give Williams an opportunity to satisfy the ***Strickland*** elements.

On remand, the PCRA trial court should determine, on the record: 1) whether Williams informed trial counsel of the existence of the surveillance videos; 2) if trial counsel was informed, why she chose not to investigate the surveillance videos; and 3) if there are surveillance videos, can Williams prove the surveillance video's absence prejudiced him. The third prong will require Williams to prove, by a preponderance of the evidence, that if the surveillance video had been viewed by the jury, there is a reasonable probability that the outcome of the trial would have been different.

Order vacated. Petition to withdraw denied. Case remanded for proceedings consistent with the dictates of this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/19

---

a Pa.R.Crim.P. 907 notice. Without the Rule 907 notice, we do not know the basis of the PCRA court's dismissal.